IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE NETWORK BALLISTIX, LLC                           NO. 22-00324-JAW
                                                          CHAPTER 7

MOTION FOR RELIEF FROM
THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY

COMES NOW BancorpSouth Bank, a division of Cadence Bank, ("BancorpSouth") a secured creditor in this case, and, by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 362 and 554, moves the Court for relief from the automatic stay and for abandonment of property.  As grounds for the relief requested, BancorpSouth shows as follows:

(1)      The Debtor is indebted to BancorpSouth on two secured claims. The first claim (7326, "Loan A") is an SBA loan held by BancorpSouth, evidenced by a note in the original principal amount of $270,600.00, a copy of which is attached hereto as Exhibit A. The unpaid balance of Loan A as of the petition date was $190,778.98. With additionally accrued interest, the unpaid balance of Loan A as of April 6, 2022 is $193,446.10. Interest continues to accrue on Loan A from and after April 6, 2022 in the daily amount of $30.37.

(2)      Payment of Loan A is secured by security interests in all of the Debtor's equipment. A copy of the security agreement

1

creating such security interests and evidence of the perfection thereof is attached as Exhibit B.

(3)     The second claim (9397, "Loan B") is evidenced by a term note in the original principal amount of $74,530.85, a copy of which is attached hereto as Exhibit C. The unpaid balance of Loan B as of the petition date was $53,344.66. With additionally accrued interest and post-petition credits made to Loan B from the contracts mentioned in Paragraph (5) below, the unpaid balance of Loan B as of April 6, 2022 is $46,962.92. Interest continues to accrue on Loan B from and after April 6, 2022 in the daily amount of $5.84.

(4)     Payment of Loan B is secured by security interests in all of the Debtor's equipment and of the Debtor's accounts receivable, particularly the equipment supplied by the Debtor under, and the accounts arising from, certain contracts between the Debtor and Issaquena County, Mississippi, Sharkey County, Mississippi, and the City of Booneville, Mississippi. Under said contracts, in the event of the Debtor's default, said counties and city agree to remit payment directly to BancorpSouth. Copies of the security agreements creating such security interests and evidence of the perfection thereof are attached collectively as Exhibit D.

(5)     Payment of Loan B is additionally secured by a deposit account maintained by the Debtor with BancorpSouth (0090, the

"Deposit Account"). A copy of the agreement under which such security interest in the Deposit Account arises is attached as Exhibit E. Said security interest is perfected by control. BancorpSouth has exerted exclusive control over the Deposit Account since September 9, 2021. As of the petition date, the Deposit Account had a collected balance of $22,688.92, consisting of direct deposits made to the Deposit Account by the Debtor's account payors. Accordingly, the funds in the Deposit Account are BancorpSouth's collateral by virtue of its security interest in the Deposit Account and as proceeds of its accounts receivable collateral. Such direct deposits have continued from time to time post-petition, and as of April 6, 2022 the collected balance of the Deposit Account was $27,807.40.

(6) The balances recited in Paragraphs (1) and (3) above do not include post-petition interest, attorney fees, costs and expenses of collection and the like, all of which BancorpSouth additionally claims to the extent permitted by 11 U.S.C. § 506(b).

(7) Loan B is cross-collateralized with Loan A, such that all of the collateral that secures payment of Loan B also secures payment of Loan A.

(8) The value of the remaining equipment collateral, if any, other than that referred to in Paragraph (4) above, appears negligible, inasmuch as all or most of the property listed in Items

3

41 and 47.1 of the Debtor's Schedule A/B [Dkt. #3, pp. 4-5] was liquidated by BancorpSouth in November 2021.

(9)     The equipment collateral referred to in Paragraph (4) above is included in Item 47.2 of the Debtor's Schedule A/B [Dkt. #3, p. 5], the scheduled value of which is $90,000.00; the value of the equipment located in Issaquena County, Sharkey County, and the City of Booneville may be $54,000.00.

(10)     Item 11 of the Debtor's Schedule A/B [Dkt. #3, pp. 3-4] lists total accounts receivable of $160,000.00, with all but $35,000.00 shown as over 90 days past due.

(11)     Assuming the accuracy of the scheduled values of the property mentioned in Paragraphs (9) and (10) above, the range of values of BancorpSouth's collateral can be summarized as follows:

|                 | Low Value    | High Value   |
|-----------------|--------------|--------------|
| Equipment       | $ 54,000.00  | $ 90,000.00  |
| Accounts        | $ 35,000.00  | $160,000.00  |
| Deposit Account | $ 27,807.40  | $ 27,807.40  |
| TOTALS          | $116,807.40  | $277,807.40  |

Such values are drawn from the Debtor's schedules and are set forth without the benefit of recent inspection, appraisal or audit. The liquidation values are likely substantially less.

(12)     On February 4, 2022, BancorpSouth was served with a writ of garnishment seeking to collect a judgment against the Debtor in the amount of $239,312.48 entered on January 13, 2022 by the

4

Circuit Court of Madison County, Mississippi in Tech Connect, LLC v. Network Ballistix, LLC, case number 2021-0252-JR on the docket of said court (the "Garnishment Action"). BancorpSouth answered the writ by asserting its security interest in the Deposit Account. Although the judgment creditor in the Garnishment Action does not contest the seniority of the interests of BancorpSouth in the Deposit Account, further proceedings in the Garnishment Action have been stayed by the commencement of this case.

(13) The combined balances of Loan A and Loan B as of April 6, 2022 is $240,409.02 plus the amounts mentioned in Paragraph (6) above. The Debtor owns no equity in any of BancorpSouth's collateral for the benefit of the estate.

(14) BancorpSouth's secured claims are unpaid, past due and in default. Good cause exists for termination of the automatic stay arising under 11 U.S.C. § 362 as to BancorpSouth and all of the Debtor's equipment and accounts receivable, including, but not limited to, all of the equipment supplied by the Debtor under the contracts mentioned in Paragraph (4) above and all amounts payable thereunder by the counties and city mentioned in Paragraph (4) above, and the Deposit Account, and all proceeds of all of the foregoing, and for abandonment of all of the foregoing from the estate, so that BancorpSouth may pursue its rights therein under applicable

5

nonbankruptcy law, including, but not limited to, collecting the accounts receivable, including the amounts payable by the counties and city mentioned in Paragraph (4) above, maintaining the Deposit Account to receive continuing direct deposits by the Debtor's account payors, setting off the collected balance of the Deposit Account from time to time against the balances of Loan A and Loan B in such allocations as BancorpSouth may determine in its discretion, and obtaining entry of a dispositive order in the Garnishment Action.

WHEREFORE, BancorpSouth requests the Court to order the termination of the automatic stay arising under 11 U.S.C. § 362 as to BancorpSouth and all of the Debtor's equipment and accounts receivable, including, but not limited to, all of the equipment supplied by the Debtor under the contracts mentioned in Paragraph (4) above and all amounts payable thereunder by the counties and city mentioned in Paragraph (4) above, and the Deposit Account, and all proceeds of all of the foregoing, so that BancorpSouth may pursue its rights therein under applicable nonbankruptcy law, including, but not limited to, collecting the accounts receivable, including the amounts payable by the counties and city mentioned in Paragraph (4) above, maintaining the Deposit Account to receive continuing direct deposits by the Debtor's account payors, setting off the collected balance of the Deposit Account from time to time against

6

the balances of Loan A and Loan B in such allocations as BancorpSouth may determine in its discretion, and obtaining entry of a dispositive order in the Garnishment Action. BancorpSouth requests such other relief as may be appropriate.

Respectfully submitted,

BANCORPSOUTH BANK,
a division of Cadence Bank

By and through its attorney:

/s/ Les Alvis
LES ALVIS
Bar Number 1548

OF COUNSEL:

RILEY, CALDWELL, CORK & ALVIS, P.A.
207 Court Street
Post Office Box 1836
Tupelo, Mississippi 38802-1836
(662) 842-8945

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing MOTION FOR RELIEF FROM THE STAY AND FOR ABANDONMENT OF PROPERTY with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jordan L. Ash
lynn@ashlaw.ms

Derek A Henderson
trustee@derekhendersonlaw.com

U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

7

I hereby further certify that on the date set forth below I mailed a copy of the foregoing MOTION FOR RELIEF FROM THE STAY AND FOR ABANDONMENT OF PROPERTY by first class mail, postage prepaid, to:

    Network Ballistix, LLC
    500 Avalon Way
    Apt. 1008
    Brandon, MS 39047

DATED:  April 11, 2022.

                              /s/ Les Alvis
                              LES ALVIS
                              Bar Number 1548