# Term Note

---

Loan No. ▮▮▮▮9397

**$74,530.85**

**April 19, 2021**
Jackson, Mississippi

## 1. Promise to Pay

For value received, the undersigned, **NETWORK BALLISTIX LLC , a Mississippi limited liability company,** with an address of **816 HIGHWAY 49, FLORA, MS 39071-8004** (the *"Borrower"*), promises to pay to the order of BancorpSouth Bank, a Mississippi State Chartered Bank, with an address of 525 E Capitol Street, Jackson, MS 39201 (together with its successors and assigns, the *"Bank"*), the principal amount of **Seventy four thousand five hundred thirty and 85/100 dollars ($74,530.85)** on or before **September 19, 2023** (the *"Maturity Date"*), as set forth below, together with interest from the date hereof on the unpaid principal balance from time to time outstanding until paid in full. The Borrower shall pay consecutive monthly installments of principal and interest, as follows: **$2,719.00** commencing on **May 19, 2021**, and the same amount (except the last installment which shall be the unpaid balance) on the 19th day of each month thereafter. The aggregate principal balance outstanding shall bear interest thereon at a per annum rate equal to **4.49%.**

## 2. Amortization Period

The calculation of the payment amount is based on a **29 month** amortization period.

## 3. Additional Rate Determination Details

The effective interest rate applicable to the Borrower's loans evidenced hereby shall be rounded to the nearest zero and 1 thousandths percent (0.001%).

## 4. Collateral

This Note is secured by ASSIGNMENT OF EQUIPMENT PORTION OF MANAGED IT CONTRACT FOR SHARKEY AND ISSAQUEENA COUNTY AND CITY OF BOONEVILLE.

## 5. Payment Delivery; Interest Accrual Basis

Principal and interest shall be payable at Bank's main office or at such other place as Bank may designate in writing in immediately available funds in lawful money of the United States of America without set-off, deduction or counterclaim. Interest shall be calculated on the basis of actual number of days elapsed and a 360-day year. The calculation basis will result in a higher interest rate than the numeric interest rate stated in this Note.

## 6. Default

At the option of Bank, this Note shall become immediately due and payable without notice or demand upon the occurrence at any time of any of the following events of default (each, an *"Event of Default"*): (1) default of any liability, obligation, covenant or undertaking of the Borrower, any endorser or any guarantor hereof to Bank, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Borrower, any endorser or any guarantor hereof under any other loan document delivered by the Borrower, any endorser or any guarantor, or in connection with the loan evidenced by this Note or any other agreement by the Borrower, any endorser or any guarantor with Bank; (2) failure of the Borrower, any endorser or any guarantor hereof to maintain aggregate collateral security value satisfactory to Bank; (3) default of any material liability, obligation or undertaking of the Borrower, any endorser or any guarantor hereof to any other party; (4) if any statement, representation or warranty heretofore, now or hereafter made by the Borrower, any endorser or any guarantor hereof in connection with the loan evidenced by this Note or in any supporting financial statement of the Borrower, any endorser or any guarantor hereof shall be determined by Bank to have been false or misleading in any material respect when made; (5)

---

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2021041919.2.0.2685-N20201026Y

▮▮9397 A2021041405694 09 COMNOTE YYY

10/2020
Page 1 of 4

**Exhibit C**



if the Borrower, any endorser or any guarantor hereof is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the division, merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property; (6) the death of the Borrower, any endorser or any guarantor hereof and, if the Borrower, any endorser or any guarantor hereof is a partnership or limited liability company, the death of any partner or member; (7) the institution by or against the Borrower, any endorser or any guarantor hereof of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Borrower, any endorser or any guarantor hereof is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Borrower, any endorser or any guarantor hereof of an assignment for the benefit of creditors or the granting by the Borrower, any endorser or any guarantor hereof of a trust mortgage for the benefit of creditors; (8) the service upon Bank of a writ in which Bank is named as trustee of the Borrower, any endorser or any guarantor hereof; (9) a judgment or judgments for the payment of money shall be rendered against the Borrower, any endorser or any guarantor hereof, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution; (10) any levy, lien (including mechanics lien) except as permitted under any of the other loan documents between Bank and the Borrower, seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Borrower, any endorser or any guarantor hereof; (11) the termination or revocation of any guaranty hereof; (12) the occurrence of such a change in the condition or affairs (financial or otherwise) of the Borrower, any endorser or any guarantor hereof; or (13) the occurrence of any other event or circumstance, such that Bank, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Borrower, any endorser or any guarantor hereof to Bank has been or may be impaired.

## 7. How Payments Are Applied

Interest, Principal, Escrow, Fees, Late Charges. Notwithstanding the foregoing, any payments received after the occurrence and during the continuance of an Event of Default shall be applied in such manner as Bank may determine. The Borrower hereby authorizes Bank to charge any deposit account which the Borrower may maintain with Bank for any payment required hereunder without prior notice to the Borrower.

## 8. Interest Rate Not To Exceed Legal Limit

If pursuant to the terms of this Note, the Borrower is at any time obligated to pay interest on the principal balance at a rate in excess of the maximum interest rate permitted by applicable law for the loan evidenced by this Note, the applicable interest rate shall be immediately reduced to such maximum rate and all previous payments in excess of the maximum rate shall be deemed to have been payments in reduction of principal and not on account of the interest due hereunder.

## 9. Business/Commercial Purpose

**The Borrower represents to Bank that the proceeds of this Note will not be used for personal, family or household purposes or for the purpose of purchasing or carrying margin stock or margin securities within the meaning of Regulations U and X of the Board of Governors of the Federal Reserve System, 12 C.F.R. Parts 221 and 224.**

## 10. Lien and Setoff

The Borrower and each endorser and guarantor hereof grant to Bank a continuing lien on and security interest in any and all deposits or other sums at any time credited by or due from Bank or any Bank Affiliate (as hereinafter defined) to the Borrower and/or each endorser or guarantor hereof and any cash, securities, instruments or other property of the Borrower and each endorser and guarantor hereof in the possession of Bank or any Bank Affiliate, whether for safekeeping or otherwise, or in transit to or from Bank or any Bank Affiliate (regardless of the reason Bank or Bank Affiliate had received the same or whether Bank or Bank Affiliate has conditionally released the same) as security for the full and punctual payment and performance of all of the liabilities and obligations of the Borrower and/or any endorser or guarantor hereof to Bank or any Bank Affiliate and such deposits and other sums may be applied or set off against such liabilities and obligations of the Borrower or any endorser or guarantor hereof to Bank or any Bank Affiliate at any time, whether or not such are then due, whether or not demand has been made and whether or not other collateral is then available to Bank or any Bank Affiliate.

## 11. Waivers

No delay or omission on the part of Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The Borrower and every endorser or guarantor of this Note, regardless of the time, order or place of signing, waive presentment, demand, protest, notice of intent to accelerate,

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2021041919.2.0.2685-N20201026Y

9397 A2021041405694 09 COMNOTE YYY

10/2020
Page 2 of 4

notice of acceleration and all other notices of every kind in connection with the delivery, acceptance, performance or enforcement of this Note and assent to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange or release of collateral, and to the addition or release of any other party or person primarily or secondarily liable and waive all recourse to suretyship and guarantor defenses generally, including any defense based on impairment of collateral.

## 12. Indemnification

The Borrower and each endorser and guarantor of this Note shall indemnify, defend and hold Bank and Bank Affiliates and their directors, officers, employees, agents and attorneys (each an *"Indemnitee"*) harmless against any claim brought or threatened against any Indemnitee by the Borrower, by any endorser or guarantor, or by any other person (as well as from attorneys' reasonable fees and expenses in connection therewith) on account of Bank's relationship with the Borrower or any endorser or guarantor hereof (each of which may be defended, compromised, settled or pursued by Bank with counsel of Bank's selection, but at the expense of the Borrower and any endorser and/or guarantor), except for any claim arising out of the gross negligence or willful misconduct of Bank.

## 13. Costs and Expenses, Default Rate, Late Charge

The Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of all amounts under this Note including, without limitation, principal and interest, or in connection with the enforcement of, or realization on, any security for this Note, including, without limitation, to the extent permitted by applicable law, reasonable attorneys' fees and expenses. Upon the occurrence and during the continuance of an Event of Default, interest shall accrue at a rate per annum equal to the aggregate of 0% plus the rate provided for herein. If any payment due under this Note is unpaid for 15 days or more, the Borrower shall pay, in addition to any other sums due under this Note (and without limiting Bank's other remedies on account thereof), a late charge equal to 4% of such unpaid amount with minimum of $5.00 and a maximum of $50.00.

## 14. Binding Effect, Joint and Several Liability, Complete Agreement

This Note shall be binding upon the Borrower and each endorser and guarantor hereof and upon their respective heirs, successors, assigns and legal representatives, and shall inure to the benefit of Bank and its successors, endorsees and assigns.

The liabilities of the Borrower and each Borrower, if more than one, and any endorser or guarantor of this Note are joint and several; provided, however, the release by Bank of the Borrower or any one or more endorsers or guarantors shall not release any other person obligated on account of this Note. Any and all present and future debts of the Borrower to any endorser or guarantor of this Note are subordinated to the full payment and performance of all present and future debts and obligations of the Borrower to Bank. Each reference in this Note to the Borrower and each Borrower, if more than one, and endorser or guarantor of this Note, is to such person individually and also to all such persons jointly. No person obligated on account of this Note may seek contribution from any other person also obligated, unless and until all liabilities, obligations and indebtedness to Bank of the person from whom contribution is sought have been irrevocably satisfied in full. The release or compromise by Bank of any collateral shall not release any person obligated on account of this Note.

The Borrower and each endorser and guarantor hereof each authorizes Bank to complete this Note if delivered incomplete in any respect. A photographic or other reproduction of this Note may be made by Bank, and any such reproduction shall be admissible in evidence with the same effect as the original itself in any judicial or administrative proceeding, whether or not the original is in existence.

## 15. Further Assurances

The Borrower will from time to time execute and deliver to Bank such documents, and take or cause to be taken, all such other further action, as Bank may request in order to effect and confirm or vest more securely in Bank all rights contemplated by this Note or any other loan documents related thereto (including, without limitation, to correct clerical errors) or to vest more fully in or assure to Bank the security interest in any collateral securing this Note or to comply with applicable statute or law.

## 16. Governing Law

This Note shall be governed by federal law applicable to Bank and, to the extent not preempted by federal law, the laws of the State of Mississippi without giving effect to the conflicts of laws principles thereof.

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

9397 A2021041405694 09 COMNOTE YYY

2021041919.2.0.2685-N20201026Y

10/2020
Page 3 of 4

## 17. Section Headings

Section headings are for reference only and are not intended to affect the interpretation of the provisions of this Note.

## 18. Notices

Any notices under or pursuant to this Note shall be deemed duly received and effective if delivered in hand to any officer or agent of the Borrower or Bank, or if mailed by registered or certified mail, return receipt requested, addressed to the Borrower or Bank at the address set forth in this Note or as any party may from time to time designate by written notice to the other party.

## 19. "Bank Affiliate" Defined

The term *"Bank Affiliate"* as used in this Note shall mean any Affiliate of Bank or any lender acting as a participant under any loan arrangement between Bank and the Borrower(s). The term *"Affiliate"* shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above. For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise. Control may be by ownership, contract, or otherwise.

## 20. Jurisdiction and Venue

The Borrower and each endorser and guarantor of this Note each irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Mississippi, over any suit, action or proceeding arising out of or relating to this Note. The Borrower and each endorser and guarantor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Borrower and each endorser and guarantor hereby consents to any and all process which may be served in any such suit, action or proceeding, (i) by mailing a copy thereof by registered and certified mail, postage prepaid, return receipt requested, to the Borrower's, endorser's or guarantor's address shown in the records of Bank or (ii) by serving the same upon the Borrower(s), endorser(s) or guarantor(s) in any other manner otherwise permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Borrower or such endorser or guarantor.

## SIGNATURES

Executed as of April 19, 2021.

**Borrower**

**NETWORK BALLISTIX LLC**
  *a Mississippi limited liability company*

JOSEPH MAURY                    4-19-21
*Member*                          Date

CHRISTOPHER L GARDNER           4-19-21
*Member*                          Date

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2021041919.2.0.2685-N20201026Y

9397 A2021041405694 09 COMNOTE YYY

10/2020
Page 4 of 4